08-1473 v. Emilio Gorgon. Counsel? May it please the court, I'm Douglas Hoff for the DePaul Legal Clinic. On behalf of Appellant Mr. Gorgon. May it please the court, counsel. I'd like to focus my argument on Issue 1, the trial court's erroneous denial of Mr. Gorgon's request to represent himself. I think this case begins and ends with the U.S. Supreme Court's decision in Feretta v. California, in which the court held that the Sixth Amendment to the Constitution actually codified the longstanding right of self-representation. Even if it's made at the end of the trial? That is an interesting point because the State asserts that this came late. Well, when was the first time he made a request to represent himself? His request to go pro se was included in some pro se motions he filed a month before the actual sentence. Or he attempted to file it. It was after he was found guilty. It was after his first post-trial motion had been denied. Correct. And it came then. Yes. What's the latest point in time any case ever held that it was error for a court to deny a request for self-representation? I have not found any cases that have said that the right of self-representation is only something that can be asserted prior to trial. I didn't say prior to trial. I said what's the latest point in time any case has ever found that it was error to deny a request for self-representation? I don't know. Our research did not surface any cases that discussed requests for self-representation which occurred during trial or between trial and sentencing. What does the Illinois Supreme Court say in Burton? Untimely when first made after the trial or a meaningful proceeding has begun? Untimely? This thing the whole trial was over. There was certainly in the gap between the trial and the sentencing. Feretta itself actually references Schneider v. Massachusetts, which was a right to be present case, which stated that one of the important aspects of the right to be present for trial is so that the defendant could offer advice, suggestions, or take over his own defense. So Feretta itself contemplates that if something does occur during trial, the defendant is allowed to take over his own defense. What's the scheme of the review? It's abuse of discretion. And the discretion was abused here because here we have it's clearly a break in the proceedings. There's been the finding of guilt. The initial post-trial motion filed by counsel has been denied. We have what I think we could reasonably call a sort of a crankle type situation where the defendant has sought some pro se relief on his own behalf, complaining about counsel. He says that there was no trial strategy, that his right to testify had been violated because his attorney had told him that he couldn't testify. Now, the trial court found that there was perhaps something lost in translation. There was a miscommunication between defense counsel and the defendant. Perhaps you shouldn't testify got misconstrued into you can't testify. And so the defendant was asserting complaints on his own behalf. Now, the trial court actually did not find this to be an untimely request. The trial court specifically said in her ruling was that she was denying him his right to represent himself because he had a sixth grade education. Now, if there was certainly no finding that this was untimely, there was no finding that this would somehow disrupt the proceedings or any other factor that the state seems to point to at this point. It was strictly the fact that he had a sixth grade education, and there was certainly some discussion of his difficulty with or his limited English that he had. The proceedings were conducted with the assistance of the translator. So if we were looking at a finding below that this was untimely, that this would be disruptive to the proceedings, that would be a different situation, but that clearly was not done here. It was strictly this matter. Well, it had been done, but then the judge, in her infinite wisdom and not trying to abuse her discretion, allowed her decision, essentially, to be set aside, right? And for him to be allowed to testify as he wished. Correct? That's true. She found. So now we're in the second trial. Well, it's a reopening of the first. It's that she found. I mean, this is something that's obviously contemplated by the Krankle line of cases, that if the defendant does make this sort of complaint on his own behalf, the trial court has to investigate it, find out if it has a basis, in fact. And obviously, I mean, if the judge finds it has some basis, she has to be able to offer some remedy. And here, I think the. No, but that's not the issue in front of us. Oh, sure. No, the issue in front of us is whether, the real issue in front of us is whether his request for pro se representation just simply came to light. Well, I mean, it's obviously. He's been found guilty. It's setting aside the reopening of the trial, let's say. Let's take that out of the equation, because actually, frankly, it doesn't really matter. As you said, it's not the issue on appeal. And even if she had denied the motion to reopen the trial, he still would have had, he still had that request for self-representation out there, which would have encompassed the ruling on that motion and also sentencing. If she had denied the motion, we would have gone immediately to sentencing. So the question is, does he have the right to represent himself at sentencing, let's say. Certainly, it is a critical stage. He has the right to counsel, which means he has the right to choice of counsel. If he had had a new attorney come in, if he had hired private counsel to represent him at sentencing, I think we would, I don't know if there would be any argument that he had the right to have a new attorney represent him at sentencing. Now, his new attorney, in effect, was himself. He wanted to represent himself in the remainder of the proceedings. This was not a situation where he stood up in the middle of a jury trial, cut off defense counsel's cross-examination and said, hey, I want to represent myself. These were written motions that he tendered between the finding and the further proceedings that the judge took under advisement and considered it to the extent that they were just going to reopen the testimony but refused to allow him to represent himself. So, you know, the Ferretta itself speaks of, is there an intent to disrupt the proceedings? There's clearly, there's never been any allegation that he was doing this to disrupt the proceedings. Most of the cases cited, as far as affirming the denial of right of self-representation, look to the defendant's intent to disrupt the proceedings. He's dragging his feet in it beforehand. He didn't even know what was in those motions. That's what the record reflects. He never prepared them. He signed them. He did sign them. He said he read them and he understood them. He understood them. He couldn't even explain to the trial judge what was in them. When he started talking, she couldn't even understand him as to what was in the, and this guy could speak English and you and I both know it. He could talk to the trial judge if he wanted to in English and he did. So the problem that I have with it is you've got a guy here who can't even explain what's in his own motions and you've got a trial judge here who, for whatever reason, allowed him to reopen his case to take the stand after he had waived his right to testify and after he had conferred with his attorney and waived it again. He waived his right to testify. She admonished him. He turned around and said, I want to talk to my lawyer. She lets him talk to the lawyer. He comes back and he says, yeah, I don't want to testify. Now, all of a sudden, after he's found guilty, he turns around and says, you know, I didn't know I could testify. I thought if my lawyer told me I couldn't testify, I couldn't testify. And the trial judge, in her good graces, allows him to reopen and allows him to testify. And I suppose we should say no good deed goes unpunished, right? If she had turned around and said, no, case is over, we wouldn't even be in it. Well, I think I was mentioning earlier that he would still have this right to represent himself. Now, what is the case? Give me the case that suggests that if he demands self-representation after he's been found guilty, he has a right to represent himself pro se at the sentencing hearing. Give me the case that says that. I don't have one. There isn't. I don't have one. And you can't. I have difficulty getting around burden. After the trial has begun, it's too late. This trial is over. It's not begun. It's over. So I'm in a little trouble figuring out here why this is not done. Well, it's, I guess, because we don't do the, that if we go back to Feretta and we go to what the Supreme, the U.S. Supreme Court said, that recognized and codified this right, that they specifically contemplated mid-trial requests for representation in their citation to Schneider. They said, one of the reasons you have to be at trial is so that you can exercise your right of self-representation and fire your attorneys. Now, obviously, that would be fairly disruptive if it had happened in the middle of evidence in front of a jury. Here, we have a clear break in the proceedings, and, again, setting aside whether or not the trial judge made the correct call in reopening the evidence, there was still the proceedings on that motion, on the motion that had been filed, and there was sentencing. So he, I don't know how the right he had at the beginning of trial somehow evaporated in the gap between trial and sentencing, a sizable chunk of which was actually caused by the state because they wanted to sentence him as a Class X offender but couldn't get his, the certified copies together of his prior convictions. So if we're talking about any sort of factoring of delay involved here, a sizable portion of it was certainly out of the defendant's hands. And also, he didn't seek any delay, any break in the proceedings. He didn't request a continuance. He would have just represented himself from that point on, from the point he made his request onward to the end. As is his right, as was recognized by Feretta, and no one below thought that this was going to break up the proceedings, that this was going to cause, you know, any chaos in the courtroom. The judge said, you have a sixth grade education, I don't understand some of your filings, therefore I'm not going to allow you to represent yourself. Whatever her intentions, that was contrary to Feretta, contrary to his right of self-representation under the U.S. Constitution, and we would request that this court reverse and remand for a new trial. Thank you. Thank you, Jake. Good morning. May it please this Court. My name is Kathy Warnick. I represent the people of the State of Illinois. In this case, the defendant is arguing to this Court that a trial judge erred by denying him pro se representation at a proceeding that he wasn't even entitled to. The Supreme Court rules are very, very clear. The defendant waived the right to testify in open court, and the judge said to him, if you pass it up now, you're not going to get a chance to testify later. And the defendant talked his ---- So the judge lied to him. Well, the judge ---- In the big picture. The defendant did a very kind deed in this instance, I would submit. Well, I mean, but we're not here arguing about whether the judge should or should not have reopened the case. We're arguing about whether he had a right to self-representation once she did. That's correct, Your Honor. But the people would argue that implicit in the right to proceed pro se is the right to proceed. And in this particular case, 30 days had passed. The motion for a new trial was denied. The case was continued for sentencing, and the defendant came before the Court and dumped a bunch of pro se motions, which the judge kindly listened to. At that point, the defendant had no right to proceed pro se. He had no rights to relitigate his trial. He may or may not have had any right to reopen. But we're not here talking about the wisdom of allowing the reopening. It was reopened. That's correct. And he had not been sentenced. That's correct, Your Honor. So even assuming that the trial judge was wrong in reopening the case, why couldn't he represent himself pro se at the sentencing? The reason he couldn't represent himself pro se is that it's a choice or, excuse me, it's a decision within the ultimate discretion of the trial judge. So the trial judge was sitting, presiding over the case, and the defendant gave her pro se motions in English. The defendant conversed with the judge, and she had a full hearing on this matter. She asked him about his education. He had gone to school in Cuba. He had had a fifth to sixth grade education. He presented motions in English and then said he couldn't understand English. And she said, I don't understand what you're saying. I don't even understand these motions. I'm making a finding of fact that I can't communicate with you. And, therefore, I am appointing the public defender to represent you on this matter. So the judge had a full hearing. The judge was sitting there. And now what the defendant is asking this court to do is reverse the decision of the trial judge, who was sitting in court, who had seen the defendant throughout this trial, and could best make the determination of going pro se. There are cases that suggest that if the motion to proceed is knowingly and intelligently made, the trial judge has no right to inquire into the stupidity of the act. There are cases which say that a defendant, in many circumstances, should be allowed to proceed pro se. I agree. However, there are also cases which say that, ultimately, each case must be decided upon the facts of that particular case. And in this particular case, given the language barrier, given the fact that the defendant was filing something that apparently he didn't understand, certainly the judge didn't understand what he was saying, certainly it would be within her discretion to decide. In addition, delay is one of those factors. The Ward case discusses delay. My opponent would have this court believe that somehow the state contributed to the delay. But the defendant had every opportunity to bring up this matter at trial in his motion for new trial. Now we're two months past the motion for new trial being denied, and he's asking to proceed pro se on motions. That's what he's asking for. He's asking to proceed on pro se motions, which the judge can't understand. So I would submit to this court that Feretta, absolutely inapplicable. In Feretta, the defendant requested well in advance of his trial to proceed pro se. In those kinds of cases, those types of factors are relevant. This admittedly, conceitedly, is a very unusual case. There are no cases where the trial is closed, the defendant comes forward, asks to file some motions and proceeds pro se, and the judge allows him to reopen his case, and the defendant contests that relitigation. So there are no cases on this point. However, as a matter of law, Feretta is inapplicable. The trial judge in this case bent over backwards to this defendant. She gave him every opportunity to litigate his rights, and she gave him every opportunity to voice his concerns. She could not communicate with him. In her wisdom, she allowed him to go pro se. Certainly, certainly, that decision cannot be considered an abuse of her discretion. Thank you. Thank you. Rebuttal? Briefly, Your Honors. Again, I think we've gone through the fact that the question of whether or not the case was correct to reopen the case or not is not really at issue here. And counsel referred repeatedly to difficulties in communication between the judge and Mr. Gorga. The recent case, the most recent case on Zerf, the U.S. Supreme Court, Indiana v. Edwards, said that a person can be fit for trial but unfit to represent themselves if they have a severe mental illness. Now, that effectively prevents them from doing it. The court specifically rejected something that was proposed by the state regarding whether the defendant's ability to communicate with the judge could be grounds for denying the right of self-representation. So any communications difficulties are not sufficient to deny this right. Again, the question has been brought up in red by the U.S. Supreme Court and in Ward that the ability to represent himself is not indicative of competence to choose self-representation. Otherwise, virtually nobody is going to be as good as a practicing member of the bar. So, you know, just because it might be a bad idea doesn't mean you don't have the right to do it. And this is one of those rights they didn't just put together in FRERETA. This goes back to the constitutional era where most people actually did represent themselves. And again, the delay, the counsel was talking about two months past. Again, a sizable chunk of that delay was attributable to the state's problems finding the prior convictions. And again, there was not a full hearing on his request to represent himself. There was no 401 admonishments pursuant to the rule, which I would think would be part of any full hearing. The judge basically, you know, asked him a couple of questions and then said, no, you can't represent yourself. So I think here we do have an abuse of discretion in declining the request for self-representation, and therefore this Court should reverse it. Thank you. Thank you, counsel.